UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BLAYNE J. COLEY,<br><br>       Plaintiff,<br><br> vs.<br><br>GRANT COUNTY AND THE COMMUNITY, et al.,<br><br>       Defendants. | NO.  CV-11-085-LRS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

  BEFORE THE COURT is Plaintiff's "Motion to Reprieve Dismissal," ECF No. 16, which was received on May 7, 2012, and noted for hearing on May 10, 2012. Plaintiff is admonished he must comply with LR 7.1(h)(1), Local Rules for the Eastern District of Washington, regarding the proper time frame for noting a motion for hearing. A hearing date set within three days of the Court's receipt of a motion is inadequate under the Local Rules.  Because Mr. Coley is a prisoner proceeding *pro se*, the Court will liberally construe the "Motion to Reprieve Dismissal" as a Motion for Reconsideration, ECF No. 16.

  Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989).  Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.,*

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this court re-examining the issue. Thus, the only remaining question is whether the court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

Mr. Coley's civil rights complaint was dismissed on June 6, 2011, as he had failed to state a claim upon which relief may be granted and judgment was entered. ECF Nos. 11 and 12. Court records indicate that copies of these documents which were sent to Mr. Coley at the Grant County Jail were returned as undeliverable on June 14, 2011, with the notation, "no longer in custody." More than a month later, on July 25, 2011, Mr. Coley notified the Court of his change of address to the Monroe Correctional Complex-Special Offenders Unit, and the documents were mailed to him with a letter dated July 26, 2011. ECF No. 15.

Mr. Coley now asks this Court to "reprieve the strike imposed during the transitional impasse during the court calendar." He declares, "there are serious issues that this case has the potential of revealing and a decency to obtained that is unsurpassed in the history of case law . . . ." He requests the Court "reverse the strike received under the case in dispose pursuant 28 U.S.C. § 1915(g), the petitioner was in fact under imminent danger of serious physical injury."

Mr. Coley appears mistaken in his interpretation of 28 U.S.C. § 1915(g). This statutory provision is not applied retroactively to cases already dismissed. Rather, application of 28 U.S.C. § 1915(g) may affect Mr. Coley's future ability to file actions without prepayment of the filing fee. In this action he presents no facts from which the Court could infer a viable claim against the Defendants named in the complaint he filed on February 28, 2011.

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

On March 21, 2011, the Court had directed Mr. Coley to amend or voluntarily dismiss his complaint within sixty (60) days. ECF No. 10. He alleged nothing against the named Defendants in his complaint, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); and his request for "relief from conviction and postponed sentencing," was precluded under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Plaintiff did not meet the deadline to amend or voluntarily dismiss. He did not file a Motion for an extension of time to comply with the Court's directive and he did not keep the Court apprised of his change of address. In essence, Plaintiff was granted two and a half months to comply with the Court's directive and he failed to do so.

In his "Decree to Reprieve Dismissal and Re-commence," ECF No. 16-1, Plaintiff states he was without "pre-franked envelopes, paper and writing utilities for a near two week stay." He provides no dates and fails to show how this prevented him from complying with the sixty day deadline to amend or voluntarily dismiss, or made it impossible for him to file a motion for extension of time to do so. Plaintiff's assertions regarding "PREA," by which the Court assumes Plaintiff is referring to the Prison Rape Elimination Act, are unclear. If Plaintiff believes his Eighth Amendment rights were violated at the Grant County Jail, he may file a separate action after he has exhausted his administrative remedies. Plaintiff must clearly and concisely state how identified Defendants violated his constitutionally protected rights.

At this time, **IT IS ORDERED** Plaintiff's Motion for Reconsideration, ECF No. 16, is **DENIED** and the file shall remain **CLOSED**. The District Court Executive is directed to enter this Order and forward a copy to Plaintiff at his last known address.

**DATED** this   14th   day of May, 2012.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION -- 3